IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
F I L E D

JAN 06 2022

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **LACRISHA A. SMITH** | § | |
| | § | |
| | § | |
| **VS.** | § | **C.A. NO. _____** |
| | § | |
| | § | |
| **LIFE TIME FITNESS, INC. a/k/a** | § | |
| **LIFETIME** | § | **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

### TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

NOW COMES Plaintiff **LACRISHA A. SMITH** in the above-referenced matter, complaining of and about Defendant **LIFE TIME FITNESS, INC. a/k/a LIFETIME**, and for causes of action files this Original Complaint showing to the Court the following:

### PARTIES

1.     Plaintiff **LIFE TIME FITNESS, INC. a/k/a LIFETIME** is an individual residing in Pearland, Texas.

2.     Defendant **LIFE TIME FITNESS, INC. a/k/a LIFETIME** is a Foreign for-Profit Corporation, organized and existing under the laws of the State of Minnesota and may be served through its registered agent at National Registered Agents at 1999 Bryan St., Suite 900, Dallas, Texas, 775201-3136.

### JURISDICTION

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII") and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

4.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5.    Venue is proper in the Southern District of Texas - Galveston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where the Plaintiff worked for Defendant.

### NATURE OF THE ACTION

6.    This is an action brought pursuant to Title VII and the TCHRA to correct and recover for Defendant's unlawful retaliation and to deter Defendant from continuing its unlawful and discriminatory employment practices.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.    On September 13, 2021, Plaintiff filed a Charge of Discrimination (Charge No. 460-2021-02947) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and the Texas Workforce Commission (hereinafter referred to as the "TWC") against Defendant for discrimination and retaliation.

8.    Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, received on or about October 7, 2021. Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notices.  Therefore, this lawsuit is timely filed.

### FACTS

9.    Defendant is a company offering fitness training facilities throughout the country. Plaintiff began her employment with Defendant at its Baybrook Mall location as a full-time

employee on or about July 20, 2020 working in Defendant's Life Spa section as a Senior Hair Stylist until she was wrongfully terminated on July 8, 2021.

10.     Plaintiff's adverse working environment and situation started with an innocent and off the clock service she provided to a fellow employee. December 4, 2020, Plaintiff cut a fellow employee's hair, with this employee also being off the clock without charging the employee for the cut. However, Plaintiff's manager, Maria Longoria, once she discovered that Plaintiff had cut the employee's hair demanded that the employee had to pay Plaintiff for the haircut, which Plaintiff did not want to accept as both individuals were not working at the time and as Plaintiff wanted to provide the services for free as a favor. Nevertheless, the employee was forced to pay Plaintiff. Incredibly, Plaintiff received a "Team Member Warning Report" on December 24, 2020 where she was written up for failure to cooperate in an investigation and that it was Plaintiff who was creating a hostile work environment.

11.     Another situation occurred when one of Plaintiff's many clients called in to the LifeSpa Salon to request a session with Plaintiff later that afternoon on this day. However, the client was told that the salon would be closing that day at 3:00 p.m., something Plaintiff had not been informed of. Plaintiff then approached her manager about this early closing, who could not be bothered with the issue, so Plaintiff then sent an email to her General Manager, Trystan McKee, on this issue. Plaintiff was then told that her client had been told that anyone in the salon could cut her hair even though she had specifically requested Plaintiff. This was contrary to the established procedure as Plaintiff had brought over with her many of her long time clients, a benefit that Defendant received. This matter only worsened in the future when Defendant's receptionist in the Salon repeatedly and deliberately refused to schedule and book any of Plaintiff's clients with Plaintiff when they called in to schedule sessions, a fact known to management who did nothing

in response except terminate Plaintiff shortly thereafter.

12. Two other situations that arose further exemplifying Defendant's discriminatory and retaliatory conduct towards Plaintiff involved Plaintiff's not wanting to celebrate her birthday based on her religion and Plaintiff intentionally not being paid bereavement pay despite her full-time status. At a team member meeting on March 1, 2021, Defendant's new manager discussed celebrating employee March birthdays. After the meeting and as directed, Plaintiff approached her manager and informed her that she did not celebrate her birthday. The manager's response was that she "liked birthdays", an apparent implication that despite Plaintiff not wanting Defendant to celebrate her birthday, Defendant was going to do so nonetheless. That is exactly what happened because on March 25, 2021, Plaintiff arrived at work to find a gift and a card at her Salon station from the new manager. On March 31, 2021, Plaintiff arrived at work and found a birthday card signed by Baybrook Mall management, who would not have known of Plaintiff's birthday unless told by Defendant.

13. Following this incident, another situation arose when on April 30, 2021, Plaintiff learned that a family member had passed away. Being a full-time employee per her contract with Defendant, Plaintiff was entitled to receive bereavement pay. Plaintiff was informed by her manager that she had to log into Defendant's Workday system and sign up for a bereavement day, which Plaintiff did. However, when Plaintiff received her May 15, 2021 pay stub, her bereavement pay was not included in that work week. When Plaintiff asked her manager as to why the pay was not included, her manager's response was that Plaintiff had to be a full-time employee to receive bereavement pay, which Plaintiff was as noted on her contract with Defendant. This turned out to be just another incident in Defendant's discriminatory and retaliatory pattern of conduct towards Plaintiff, all because Plaintiff had the temerity to stand up for herself and demand that she be

treated fairly.

14.     However, perhaps the most significant issue that led to Defendant's discriminatory and retaliatory conduct towards Plaintiff arose from Defendant's repeated failure to properly pay Plaintiff not only according to her contract but also as it related to coupons Defendant provided to its customers. Initially, the issue regarded Defendant not paying Plaintiff the agreed upon hourly rate. This then escalated to Defendant's use of "Spa Bucks", coupons provided to its customers worth a specific monetary amount that the customer could then use for any service Defendant provided, included sessions in the Salon. The end result of customer's using these "Spa Bucks" was that Plaintiff actually received no money for her services from the customer. Plaintiff brought up both issues to Defendant who instead of resolving them, basically "kicked the can down the road" and never provided Plaintiff with an answer. So, to ensure that she was actually going to be paid for her services, Plaintiff began to not accept the "Spa Bucks", letting management know that this was going to continue until it resolved the issue. However, instead of resolving the issue, Defendant referred the matter to its HR Department who then continued its pattern of retaliation against Plaintiff.

## CAUSES OF ACTION

### COUNT 1
### RETALIATION PURSUANT TO TITLE VII

15.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

16.     Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination and retaliation, made to Defendant in violation of Title VII.

17.     Defendant harassed Plaintiff continually throughout the time of her employment as detailed above with the ultimate discriminatory action being Defendant's wrongful termination of

Plaintiff.

## COUNT 2
## RETALIATION PURSUANT TO TCHRA

18.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

19.    Defendant's conduct as set forth above violated Texas Labor Code Section 21.051, "Discrimination by Employer"; 21.055, "Retaliation"; and Section 21.056, "Aiding and Abetting Discrimination". More specifically, Defendant took actions that were discriminatory in nature against Plaintiff including but not limited to wrongful termination. Defendant's actions against Plaintiff were intentional and willful and violated Plaintiff's rights. Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination, of Plaintiff raising the issue of not being properly compensated, made to Defendant and then the retaliation in violation of the Texas Labor Code § 21.055.

20.    Plaintiff has suffered adverse employment actions including discriminatory harassment at the workplace and wrongful termination.

### Damages

21.    Plaintiff seeks compensation for Defendant's wrongful actions and conduct in the form of all damages she is entitled to under all applicable statutes and Texas law.

### JURY DEMAND

22.    Plaintiff demands a jury on all issues to be tried in this matter.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a.    All damages to which Plaintiff may be entitled pursuant to this Original Complaint;

b.   Compensatory damages, including, but not limited to, emotional distress;

c.   Past, present, and future physical pain and mental suffering;

d.   Punitive damages;

e.   Pre-judgment interest at the highest rate permitted by law;

f.   Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g.   Costs of Court; and

h.   Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,

By:   /s/ Lacrisha A. Smith
      Lacrisha A. Smith
      2101 Kingsley Drive
      Pearland, Texas 77584
      Telephone: 832-573-5653
      lacrisha21@gmail.com